A three-judge panel of the superior court dismissed plaintiff's complaint because the panel determined that it lacked jurisdiction over the subject matter of plaintiff's claims. Plaintiff now asks this Court to review that determination and to decide whether his claims have merit.
The Constitution of North Carolina vests the superior court with "original general jurisdiction throughout the State." N.C. Const. art. IV, § 12 (3). That body is charged with hearing claims in the first instance, even when the issue presented is solely a question of law. By contrast, the Constitution vests this Court with "jurisdiction to review upon appeal any decision of the courts below, upon any matter of law or legal inference." Id. art. IV, § 12(1) (emphasis added). As we stated in Greene v. Spivey : "This is an appellate court. Our function, under the Constitution, is to review alleged errors and rulings of the trial court, and unless and until it is shown that a trial court ruled on a particular question, it is not given for us to make specific rulings thereon." 236 N.C. 435, 442, 73 S.E.2d 488, 493 (1952). As a result, without determining that we lack the authority to reach the merits of plaintiff's claims, we conclude that the proper administration of justice would be best served in the event that we allowed the panel, in the first instance, to address the merits of plaintiff's claims before undertaking to address them ourselves.
Nevertheless, this Court does have the constitutional authority to "issue any remedial *820 writs necessary to give it general supervision and control over the proceedings of the other courts" in this state. N.C. Const. art. IV, § 12 (1). The Court also has the inherent authority to do what is reasonably necessary to ensure the proper administration of justice during the consideration of a case that is properly before us. In light of the importance of the issues presented by this case and the fact that a municipal election cycle is in progress, we invoke our authority to order:
**203 1. That this case be certified to the panel with instructions for that court to enter a new order within 60 days that (a) explains the basis for its earlier determination that it lacked jurisdiction to reach the merits of the claims advanced in plaintiff's complaint and (b) addresses the issues that plaintiff has raised on the merits.
2. That, immediately following the entry of the panel's new order, this case be certified back to this Court for a final appellate decision.
3. That the order of this Court, dated 20 July 2017, which resolves plaintiff's petition for writ of supersedeas, be amended to add the following paragraph:
"4. Until this case is resolved by the Court, any county board of elections with a vacancy reducing its membership to two members-such that the board cannot meet quorum requirements under Sections 7.(h) and 7.(i) of Session Law 2017-6-may meet and conduct business under N.C.G.S. §§ 163-30 and -31 (2015), with a quorum and unanimous assent of two members."
4. That the parties retain the right to petition for the purpose of obtaining any modifications to this order and the prior order of the Court, dated 20 July 2017, that they deem necessary to preserve the status quo and to ensure the orderly and lawful conducting of local and other elections during the consideration of this case by this Court, with any such modification requests to be directed to the panel from the date of the issuance of this order until the panel certifies its new order to this Court in accordance with Paragraph No. 2 above.
By order of the Court in Conference, this the 1 day of September, 2017.
st
For the Court